I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-20-12

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IRA NESBITT,

    Petitioner,

vs.

SANDRA HUTCHENS, SHERIFF,

    Respondent.

Case No. SACV 12-1786-PSG (RNB)

ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On October 15, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein, utilizing the approved Central District form for habeas petitions brought pursuant to 28 U.S.C. § 2254. It appeared from the face of the Petition and the attachments thereto that petitioner's custody did not stem from the judgment of a State court. Rather, petitioner was a pretrial detainee, awaiting trial in Orange County Superior Court on multiple narcotics charges. Because there was no State court judgment here, the assigned Magistrate Judge deemed the Petition to have been brought pursuant to 28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

Although petitioner had failed to properly complete the habeas form, it appeared from his attachments thereto that petitioner was making an excessive bail

claim. Moreover, it appeared from the cover page of the Petition that petitioner was seeking a "stay of proceedings."

In the Magistrate Judge's view, the Ninth Circuit's decision in Lazarus v. Baca, 389 Fed. Appx. 700 (9th Cir. 2010) was on point, and the Ninth Circuit's reasoning in that case was persuasive. Accordingly, on October 22, 2012, the Magistrate Judge issued a Report and Recommendation in which he (a) found that, as in Lazarus, the Younger abstention doctrine required the dismissal of the Petition herein, and (b) recommended that Judgment be entered summarily dismissing the Petition.

On November 15, 2012, petitioner filed objections to the Report and Recommendation.[1] None of petitioner's contentions in the objections caused the Magistrate Judge to reconsider his finding that all four elements for Younger abstention were met here. However, the Magistrate Judge concluded that one contention made by petitioner for the first time in his objections would need to be addressed before the Report and Recommendation could be forwarded to this Court.

In the Report and Recommendation, the Magistrate Judge had noted inter alia that, like Lazarus, petitioner had neither argued nor shown that an exception to Younger abstention applied. For example, nowhere in the Petition or the attached documents had petitioner contended that the pending charges against him were brought by the District Attorney in bad faith without hope of obtaining a valid conviction. On page 5 of his objections, however, petitioner contended that the foregoing exception did apply here because the pending state proceedings against him in Case No. 11CF0322 "are being brought by the District Attorney in bad faith without hope of obtaining a valid conviction." According to petitioner, the co-defendant made a recorded statement at the time of arrest in which the co-defendant admitted guilt and exonerated petitioner. Further, according to petitioner, he was held

---

[1] Petitioner stated in his objections that he was withdrawing his request for a stay of the state criminal proceedings.

to answer with "manufactured probable cause' and the preliminary hearing transcript "clearly exposes the prejured [sic] testimony of arresting officers' attempt of manufacturing probable cause to detain and arrest."

The Magistrate Judge decided to afford respondent (and the District Attorney) the opportunity to be heard in response to petitioner's contention that "the pending charges against him were brought by the District Attorney in bad faith without hope of obtaining a valid conviction." Accordingly, the Magistrate Judge ordered service of the Petition, the Report and Recommendation, and petitioner's objections to the Report and Recommendation, on respondent and the Orange County District Attorney, and ordered respondent to serve and file a response to petitioner's objections, and in particular a response to petitioner's contention that "the pending charges against him were brought by the District Attorney in bad faith without hope of obtaining a valid conviction." The Magistrate Judge also ordered respondent to include with the response a copy of the preliminary hearing transcript, along with copies of any other records or documents that respondent believed were relevant to rebut petitioner's bad faith accusation.

On December 14, 2012, respondent filed the response ordered by the Magistrate Judge. Concurrently, respondent lodged various exhibits, including copies of the preliminary hearing transcript and of the co-defendant's written plea agreement form in which she admitted that she and petitioner had jointly possessed the illegal narcotics found in their hotel room.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a <u>de</u> <u>novo</u> review of those portions of the Report and Recommendation to which objections have been made by petitioner. The Court also has reviewed respondent's response to petitioner's objections and the exhibits lodged by respondent, including in particular the preliminary hearing transcript and the co-defendant's written plea agreement form. The documents lodged by

respondent belie petitioner's contention that "the pending charges against him were brought by the District Attorney in bad faith without hope of obtaining a valid conviction." Accordingly, the Court accepts the findings and recommendation of the Magistrate Judge.

IT THEREFORE IS ORDERED that Judgment be entered summarily dismissing the Petition.

DATED: 12/8/12

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE